UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURSIMRAN S.,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>SERGIO ALBARRAN, Field Office Director of Enforcement and Removal Operations, San Francisco Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; PAMELA BONDI, Attorney General of the United States; Warden of Mesa Verde Detention Facility,<br><br>　　　　　　Respondents. | No. 1:26-cv-00422-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

　　　　Petitioner Gursimran S. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1] Docs. 1, 2. The Court has previously addressed the legal issues raised by counts one and two of the petition. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

(E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 6. Respondents confirm that this "matter is not substantively distinguishable from the cited orders," and as respondents acknowledge, the Court has previously addressed their arguments. Doc. 9 at 1–3. Respondents agree that the Court should rule directly on the petition. *Id.* Although respondents argue that if the Court grants relief it should order a post-deprivation hearing, rather than immediate release subject to a pre-deprivation hearing, *see id.* at 1, the Court finds that immediate release and a pre-deprivation hearing are appropriate for the reasons stated in each of those prior orders.[2]

Respondents again argue that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), holds that noncitizens like petitioner have no due process right to challenge their detention. Doc. 9 at 2–4. But *Thuraissigiam* considered whether a noncitizen stopped at the border had a due process right to challenge his *admissibility* into the United States; it did not address a due process challenge to re-detention following a lengthy period of release in the United States. *See id.* at 107. The Supreme Court considered in *Thuraissigiam* whether a non-citizen detained just inside the border, and continuously detained thereafter, had a due process right to obtain habeas review of his asylum claim. *Id.* at 106–07, 118–19 (noting that "respondent fail[ed] to seek release" or dispute the validity of his confinement). It was in that context that the Court found that the non-citizen in *Thuraissigiam* had "only those rights *regarding admission* that Congress has provided by statute." *Id.* at 140 (emphasis added); *see also Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023) (finding *Thuraissigiam* inapplicable to the question of whether plaintiffs were entitled to bond hearings as *Thuraissigiam*'s holding was limited to

---

[2] Petitioner requests this relief in the first instance. *See* Doc. 2-1 at 2:7–12.

"rights regarding admission"). Petitioner does not challenge any admissibility determination in this habeas proceeding, and *Thuraissigiam* does not foreclose his due process claim regarding his detention.[3]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to counts one and two of the petition, for the reasons stated in those prior orders.[4]

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

　　Dated:　January 23, 2026

　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] The government's prior conduct in releasing petitioner subject to § 1226(a) also undermines respondents' claim that he is subject to mandatory detention under § 1225(b)(2)(A). Doc. 1-3 at 4. The order of release on recognizance states that petitioner was released "in accordance with" 8 U.S.C. § 1226. *Id.* Immigration officials implicitly determined that petitioner was not subject to § 1225(b)(2)(A) when they released him on his own recognizance pursuant to 8 U.S.C. § 1226(a) and placed him in removal proceedings pursuant to 8 U.S.C. § 1229a. *See Clene C.D.*, 2026 WL 84302, at *3–4.

[4] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on these counts.